IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH JACKSON,                    )
                                    )
              Plaintiff             )
                                    )
       vs.                          )
                                    )
DENNIS LOGAN, STEVEN HITCHING,      )
JAMES McGEE, and BRIAN WEISMANTLE,  ) Civil Action No. 02-1355
                                    ) Judge Joy Flowers Conti/
              Defendants            ) Magistrate Judge Amy Reynolds Hay
                                    )
                                    )
                                    ) Re:  Doc. 55

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act and that the Defendants' motion to dismiss (doc. 55) be denied as moot.

REPORT

This case has been the subject of a previous report and recommendation.  Doc. 37.  Familiarity with that report is presumed.  Accordingly, the court will not repeat in detail the factual and procedural history contained therein.  Suffice it to say that Kenneth Jackson (Plaintiff), while a pre-trial detainee at the Allegheny County Jail, filed, pro se, a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff complains that the Defendant Police Officers violated his constitutional rights by keeping him in their custody for more than two days without

taking him before a judicial officer.  He further alleges that while in their custody, the Defendants denied his requests for a lawyer, his requests for food, drink, and use of the bathroom throughout the time he was in custody.  Plaintiff allegedly confessed to murdering his great uncle during this time. Subsequent to Plaintiff having  filed this civil rights suit, Plaintiff's trial commenced in the Allegheny County Court of Common Pleas and in mid trial, Plaintiff decided to plead guilty to most of the charges including third degree murder.  Plaintiff apparently has a currently pending appeal to the Superior Court from the judgment of his conviction. The court takes judicial notice of this appeal. <u>Commonwealth v. Jackson</u>, No. 31 WDA 2005 (Pa. Super. filed January 6, 2005).

The Defendants have filed a motion to dismiss, raising the bar of <u>Heck v Humphrey</u>, 512 U.S. 477 (1994) and a brief in support.  Plaintiff filed a response.  Therefore, this matter is ripe for review.

### A.  Applicable Legal Principles

Pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), where an action is brought by a prisoner proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that- (A) the allegation of poverty is untrue;  or  (B) the action or appeal-  (i) is frivolous or malicious;  (ii) fails to state a

claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2).  Here, the Plaintiff has been granted IFP status and was, at the time of filing, a prisoner within the meaning of 28 U.S.C. §1915.[1]  Thus, Section 1915(e)(2) is applicable here.

As well, pursuant to Section 1915A of Title 28, United States Code, this court must review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Plaintiff was a prisoner, at the time of filing, within the meaning of Section 1915A.[2]  All of the Defendants constitute an "officer or employee of a governmental

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Moreover, as one court has explained: "[i]n our view, Congress's definition of 'prisoner' as one who is incarcerated necessarily refers to the individual's status at the time the civil action is filed or appealed." Williams v. Scalleta, 11 Fed.Appx. 677, 678 (8th Cir. 2001).

[2] The term "prisoner" is defined in Section 1915A(c) the same as in Section 1915(h).  See note 1, supra.

entity" within the meaning of the PLRA.  Thus, the court must
screen this action pursuant to Section 1915A.

Hence, pursuant to Sections 1915 and/or 1915A, this
court is required to <u>sua</u> <u>sponte</u> dismiss the complaint if, in the
court's determination, the complaint fails to state a claim.
<u>See</u>, <u>e.g.</u>, <u>Nieves v. Dragovich</u>, 1997 WL 698490, at *8 (E.D.Pa.
1991)("Under provisions of the Prison Litigation Reform Act
codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c),
the district courts are required, either on the motion of a party
or <u>sua</u> <u>sponte</u>, to dismiss any claims made by an inmate that are
frivolous or fail to state a claim upon which relief could be
granted."), <u>aff'd</u>, 175 F.3d 1011 (3d Cir. 1999)(Table).  The
court's obligation to dismiss a complaint under the PLRA is not
excused even after the defendants have filed a motion to dismiss
if it appears to the court that the complaint fails to state a
claim based upon grounds which were not raised by the defendants
in their motion to dismiss.  <u>See</u>, <u>e.g.</u>,   <u>Lopez v. Smith</u>, 203
F.3d 1122, 1126 n.6 (9th Cir. 2000).

In performing a court's mandated function of reviewing
a complaint <u>sua</u> <u>sponte</u> under 28 U.S.C. §§ 1915A & 1915(e) to
determine if the complaint fails to state a claim upon which
relief can be granted, a federal district court uses the same
standard applicable to motions to dismiss under Federal Rule of
Civil Procedure 12(b)(6).  <u>See</u>, <u>e.g.</u>,   <u>Tucker v. Angelone</u>, 954 F.

4

Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.   This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A and 1915(e), and in applying the standards under Fed.R.Civ.P. 12(b)(6), the complaint must be read in the light most favorable to the plaintiff and, as a general rule, all well-pleaded, material allegations of fact in the complaint must be taken as true. See  Estelle v. Gamble, 429 U.S. 97 (1976).   In resolving a Rule 12(b)(6) motion to dismiss, courts may take judicial notice of public records, court orders and exhibits which are attached to the complaint.   Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).   See also Lloyd v. United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under §1915A.").   Furthermore, under the 12(b)(6) standard, a "court need not, however, accept as true allegations that contradict

matters properly subject to judicial notice or by exhibit.").
Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.
2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001).

Because the Plaintiff is proceeding pro se, courts must
accord an even more liberal reading of the complaint, employing
less stringent standards than when judging the work product of an
attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

**B.  Discussion**

**1.  Heck does not bar this suit**

The Defendants raise only one ground in their motion to
dismiss.  The Defendants contend that the doctrine of Heck v.
Humphrey, 512 U.S. 477 (1994) bars Plaintiff's present suit.
Heck essentially holds that "in order to recover damages for
allegedly unconstitutional conviction or imprisonment, or for
other harm caused by actions whose unlawfulness would render a
conviction or sentence invalid, a § 1983 plaintiff must prove
that the conviction or sentence has been reversed on direct
appeal, expunged by executive order, declared invalid by a state
tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas
corpus, 28 U.S.C. § 2254." Id.  at 486-87.  The Court went on to
explain that "if the district court determines that the
plaintiff's action, even if successful, will not demonstrate the
invalidity of any outstanding criminal judgment against the

6

plaintiff, the action should be allowed to proceed, in the
absence of some other bar to the suit."   <u>Id</u>. at 486-87
(footnotes omitted). The Defendants argue that the Plaintiff's
success in this case would necessarily imply the invalidity of
his conviction.  At bottom, the Defendants argue that if this
court or a federal jury found that the Defendants engaged in the
activities, which Plaintiff alleges in his complaint that they
did, then this suit would necessarily mean that his confession
was coerced, thereby rendering his conviction invalid.   <u>See</u>,
<u>e.g.</u>, Doc. 60 at unnumbered p. 3.[3]  Defendants' reasoning is
flawed.  <u>See</u>, <u>e.g.</u>,  <u>Simmons v. O'Brien</u>, 77 F.3d 1093, 1095 (8th
Cir. 1996).

        In <u>Simmons</u>, a case remarkably similar to this one,
officers of the St. Louis police department questioned Simmons
about the murder of Meredith Marshall, Simmons' girlfriend's

--------------------------------------

[3]  In Doc. 60 at un. P. 3, the Defendants contend:

The Plaintiff's Motion to Suppress Statement [filed in the
state trial court] is critical to [the instant] Defendants'
motion to dismiss in that it alleges the statement was given
against Plaintiff's will and involuntarily "[b]ecause of the
coercive tactics of the police and other surrounding
circumstances of his interrogation."  The motion to suppress
was denied. The allegedly 'coercive  tactics' of the police
referred to in the Motion to Suppress Statement are[,]
without question[,] the alleged actions of the Defendants
set forth in Plaintiff's § 1983 Complaint and which the
Plaintiff testified to at the suppression hearing.  The
confession made by Plaintiff, and not suppressed, was an
essential part of the Commonwealth's case with respect to
Plaintiff's guilty plea because it was part of the summary
of the case made by the Commonwealth to establish a factual
basis for Plaintiff's guilty plea.

mother, and the theft of Marshall's car. After several hours of
questioning, Simmons made a videotaped confession. Following the
videotaped confession, questioning continued for two more days,
during which the police took more statements.

Prior to trial, like Plaintiff herein, Simmons moved to
suppress the confession and any other statements made to the
police on the grounds that his Fifth and Fourteenth Amendment
rights were violated. Simmons alleged that he was not
specifically made aware of his Miranda rights; that the length
and nature of the interrogation were inherently coercive given
his education, background, and physical and mental condition; and
that he was subjected to physical and psychological duress during
the interrogation and the taking of his confession.

The trial court in <u>Simmons</u>, like the trial court in the
instant case, denied the motion to suppress. Following a jury
trial Simmons was found guilty of second degree murder and first
degree burglary. In his subsequent direct appeal, Simmons alleged
procedural errors as grounds for reversal, but, like the
Plaintiff herein, he did not challenge the sufficiency of the
evidence nor did he challenge the admission of the confession.
The Missouri Court of Appeals upheld  the conviction.

Simmons, like Plaintiff, then brought a § 1983 action
seeking damages.  In his Section 1983 complaint Simmons alleged
that defendants used excessive physical force, psychological

duress, and racial slurs in coercing his confession. Specifically, Simmons contends that he was choked several times, kicked in the stomach, and punched in the face and subjected to racial slurs and that pins were continually stuck in his hands until he confessed.

Apparently, the Defendants in the Simmons case, like the Defendants herein, raised the Heck v. Humphrey bar. The District Court granted summary judgment for the defendants based on Heck v. Humphrey, 512 U.S. 477 (1994), holding that until a habeas court ruled on the validity of Simmons' conviction, a ruling on the excessive force and racial slurs claims would be premature. Simmons appealed and the Court of Appeals held that the District Court erred in finding Heck barred Simmons' suit. In doing so the Court reasoned:

> Where, however, "plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id.
>    The Court [in Heck] offered an example of a § 1983 suit that should be allowed to proceed: suits for damages for allegedly unreasonable searches, even when such searches yielded evidence admitted at trial, resulting in conviction. Because of doctrines such as independent source, inevitable discovery, and, most importantly, harmless error, "such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful," and thus the action should proceed. Id. at ---- n. 7, 114 S.Ct. at 2372 n. 7.
>    We believe that this reasoning should be extended to Fifth Amendment claims challenging the voluntariness of confessions.

9

> ....
>         Because harmless error analysis is applicable
> to the admission at trial of coerced confessions,
> judgment in favor of Simmons on this § 1983 action
> challenging his confession will not **necessarily**
> demonstrate the invalidity of his conviction. See
> Heck, 512 U.S. at ---- n. 7, 114 S.Ct. at 2372 n.
> 7.

Simmons v. O'Brien, 77 F.3d at 1095.

    The reasoning of Simmons applies equally here.  Because a finding that the Defendants engaged in the behavior that Plaintiff alleges they engaged in would not **necessarily** imply the invalidity of Plaintiff's conviction, Defendants have not shown that Heck bars the present suit.  See also Gibson v. Superintendent of NJ Dept. of Law and Public Safety-Division of State Police, 411 F.3d 427, 437 (3d Cir. 2005)(citing Simmons favorably for the proposition that "the admission of a coerced confession is similar to the admission of illegally seized evidence which does not necessarily imply the invalidity of a conviction").

### 2.  **The suit is barred by collateral estoppel**

    Although not barred by Heck v. Humphrey, the suit is barred on the grounds of collateral estoppel as is demonstrated by the many exhibits the Defendants attached to both their motion to dismiss and to the brief in support of the motion.  All of the exhibits are matters of public record of which this court could take notice.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d at 1385 n.2.  Included in those exhibits are Plaintiff's

motion to suppress filed in the state trial court, along with
portions of the transcript for the suppression hearing.

Once again, due to the similarity of facts, the court
turns to the analysis of Simmons:

> Under issue preclusion (collateral estoppel),
> "once a court has decided an issue of fact or law
> necessary to its judgment, that decision may
> preclude relitigation of the issue in a suit on a
> different cause of action involving a party to the
> first case." *Allen v. McCurry*, 449 U.S. 90, 94
> (1980); see also Restatement (Second) of Judgments
> § 27 (1982).
> . . . .
> This deference to prior adjudication extends
> not only to antecedent decisions of federal
> courts, but to those of the state courts as well.
> Under the federal full faith and credit statute,
> > judicial proceedings [of any court of
> > any State] shall have the same full
> > faith and credit in every court within
> > the United States and its Territories
> > and Possessions as they have by law or
> > usage in the courts of such State....
> 28 U.S.C. § 1738 (1988). Thus, federal courts must
> give preclusive effect to state court judgments,
> and the scope of the preclusive effect is governed
> by the law of the state from which the prior
> judgment emerged. *See Migra v. Warren City Sch.
> Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Simmons, 77 F3d. at 1095-96.

Hence, we turn to the law of collateral estoppel in Pennsylvania.

In Pennsylvania, "[a] plea of collateral estoppel is valid if, 1)

the issue decided in the prior adjudication was identical with

the one presented in the later action, 2) there was a final

judgment on the merits, 3) the party against whom the plea is

asserted was a party or in privity with a party to the prior

11

adjudication, 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." Shaffer v. Smith, 673 A.2d 872, 874 (Pa. 1996). The court finds that all four prongs are met herein.

The first prong, requiring identity of issues, means, at least, identity of factual issues. See, e.g., Muhammad v. Strassburger, McKenna, Messer, Shilobod, & Gutnick, 587 A.2d 1346, 1348 (Pa. 1991)(the party asserting the bar of collateral estoppel must show that: "the fact or facts at issue in both instances [i.e., the first and second cases] were identical").

As Defendants correctly argued in their motion to dismiss, Plaintiff presented the very same facts to the suppression court as he presents to this court in his Section 1983 complaint, hence the court concludes that there was an identity of the factual issues.[4]   Not only were these same facts

---

[4]   Compare what Plaintiff alleges in his complaint:

on 1/03/02 I was arrested by Detectives Hitching and Weismantle, they charged me with criminal homicide.  they took me to East Liberty, Investigative Branch for questioning. Once there I asked for a lawyer but was denied. Dets Hitching and Weismantle denied me phone calls, water, food and denied me of going to the bathroom. Det. Logan and McGee also joined in the humiliation.  I was shackled to the floor by one ankle and I was handcuffed.  There were no windows so I could not tell if it was day or night. During one point of the questioning Det. Logan start[ed] choking me. He and McGee played good cop, bad cop. Logan punched me in my stomach and I urinated on myself.  The 4 Detectives I mentioned kept me in custody at the East Liberty office for a little over 2 days, never feeding me or giving me anything to drink or letting me use the bathroom to clean my self up. I didn't get any water or anything to drink until days later
                                                        (continued...)

12

presented in the suppression hearing, they were also decided and decided adversely to the Plaintiff.

The Honorable Jeffrey A. Manning denied the suppression motion from the bench at the suppression hearing, albeit without opinion. Doc. 60, Ex. 8 at p. 192. When confronted with such an unexplained state court decision, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000). See also Townsend v. Sain, 372 U.S. 293, 314 (1963) ("if no express findings of fact have been made by the state court, the District Court must initially determine whether the state court has impliedly found material facts."), overruled on other grounds by, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1963). In determining what implicit factual findings a state

─────────────

[4](...continued)
when I got to the Co[unty] Jail, stinking and hungry.

Doc. 4 at ¶ IV with Doc. 60, Ex. 7 (motion to suppress) at ¶ 4, 5  & 8 ("the statement extracted from applicant [i.e., the Plaintiff] was given by him against his will and involuntarily because of the coercive tactics of the police and the other surrounding circumstances of the interrogation. 5. Defendant was placed under undue stress and emotional duress to make said statements." . . . . "The statement obtained by the police ... was obtained in derogation of applicant's rights under the Pennsylvania and United States Constitutions."). See also Plaintiff's testimony at the suppression hearing: Doc. 60, Ex. 8, at p. 172 (Plaintiff asked for lawyer but the Defendants did not get him one, they never fed him); at p. 173 (they never let him use the bathroom, never fed him, never gave him water); at p. 181 (they "played  good cop/bad cop"; Detective Hitchings punched Plaintiff in the stomach and Plaintiff's hands were cuffed).

court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. Campbell v. Vaughn, 209 F.3d at 289 (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1982)). Implicit findings of fact are tantamount to express ones. Parke v. Raley, 506 U.S. 20, 35 (1992); Marshall v. Lonberger, 459 U.S. 422, 432-33 (1983); LaVallee v. Delle Rose, 410 U.S. 690, 692 (1973) (per curiam).

Following Campbell v. Vaughn, this court must conclude that in light of Judge Manning's decision denying Plaintiff's suppression motion, as a matter of logic, the Common Pleas Court had to conclude that the Defendants herein did not engage in the behavior Plaintiff alleged therein and repeats herein. This is because if the police did engage in such behavior as continuing to question Plaintiff after he invoked his right to counsel and that they physically beat him, choked him and denied him food, water, and use of the bathroom over the course of two days, such would have required suppression of the Plaintiff's statements under the federal constitution. See, e.g., United States v. Kelsey, 951 F.2d 1196, 1199 (10th Cir. 1991)("After holding Kelsey for some period of time without allowing him to talk to his lawyer, [and after he invoked his right to counsel,] the police initiated uncounselled discussion with him. . . . Under Edwards, these circumstances require that the resulting incriminating statements be suppressed."); Ashcraft v. State of

Tennessee, 322 U.S. 143 (1944)(lengthy detention and questioning violates constitutional rights); Gallegos v. Nebraska, 342 U.S. 55, 65 n.9 (1951) ("Disregard of rudimentary needs of life--opportunities for sleep and a decent allowance of food--are also relevant, . . . as part of the total situation ou[t] of which his confessions came and which stamped their character."). Hence, the court finds that the first prong is established.

The second prong requires that there was a final judgment on the merits. This court finds this prong met as well. Judge Manning denied the suppression motion from the bench at the suppression hearing. Doc. 60, Ex. 8 at p. 192. Plaintiff, thereafter, entered a guilty plea and was sentenced. While it is true that Plaintiff has filed an appeal from his judgment of sentence, under Pennsylvania law that does not render Judge Manning's order denying the suppression motion other than a "final judgment on the merits" for purposes of Pennsylvania's collateral estoppel rule. Shaffer v. Smith, 673 A.2d 872, 874 & n.2 (Pa. 1996)("A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal.").[5] Thus, the second prong is met as well.

---

[5] The court is aware of the case Bailey v. Ness, 733 F.2d 279, 281 (3d Cir. 1984), wherein the Court of Appeals observed that there are two lines of cases in Pennsylvania addressing the issue of whether a judgment that is subject to appeal is final for purposes of collateral estoppel, resulting in Pennsylvania law being unsettled. Among the cases that the Third Circuit cited for the proposition that a judgment that is appealed is not final for purposes of

(continued...)

Because Plaintiff was the defendant in the criminal case and was the party who brought the suppression motion, the third prong is satisfied as well.

Lastly, it is uncontested that Plaintiff had a state suppression hearing, at which evidence was presented, at which he testified, and at which he was represented by counsel.  This court concludes that such satisfies the fourth prong of Plaintiff having had a full and fair opportunity to litigate the facts in question in a prior action.

Hence, collateral estoppel applies here to bar Plaintiff from attempting to re-litigate facts in this case which were already litigated and determined adversely to Plaintiff in the suppression hearing.  Accordingly, this case should be dismissed.[6]

---

[5](...continued)
Pennsylvania's collateral estoppel doctrine are  Souter v. Baymore, 7 Pa. 415 (1848); Smalls Appeal, 15 A. 807 (Pa. 1888) and Columbia National Bank v. Dunn, 56 A. 1087 (Pa. 1904).  However, subsequent to the Court of Appeals' decision in Bailey, the Pennsylvania Supreme Court has definitively decided that a judgment is final "unless or until it is reversed on appeal" and has explicitly overruled one of the cases that the Bailey court relied upon, i.e., Dunn, and explained that Souter was a case brought in admiralty, which applies special rules on appeal that are not applicable outside of admiralty. Schaffer v. Smith, 673 A.2d at 874 n.2.  Hence, Bailey's premise of two competing lines of cases of unsettled law is no longer valid.

[6]  Finally, we note that in Bailey v. Ness, 733 F.2d 279, 281 (3d Cir. 1984), the court therein stated that where collateral estoppel is raised as a bar and there is an appeal pending from the first judgment which is the basis for the collateral estoppel argument, a federal court confronted with such a situation should stay the case pending disposition of the appeal rather than dismiss the case.  However, this Bailey rule does not govern here.  The rule in Bailey was based upon
(continued...)

---

[6](...continued)

the <u>Bailey</u> Court's concern for the statute of limitations.  If the lower court (whose judgment is used for collateral estoppel purposes) were to be reversed on appeal, then the party against whom collateral estoppel was asserted would be free to bring the second suit. However, if the second suit had already been dismissed based on the lower court's judgment that was subsequently reversed on appeal, the statute of limitations on the second suit that was dismissed due to collateral estoppel might have run during the pendency of the appeal and so could not be re-filed after the appeals court reversed the judgment in the first case.  <u>See</u>, <u>e.g.</u>, <u>Bailey</u>, 733 F.2d at 283 ("A dismissal of a party's suit, even without prejudice, simply does not protect the party from a statute of limitations problem should the state court proceedings take a great deal of time. That possibility warrants a safeguarding of a party's interest in being able to bring suit.").  Here, though, there is no statute of limitations problem simply because, even if Plaintiff's conviction were overturned, the issues he raised on appeal had nothing to do with the suppression court's ruling.  <u>See</u>, <u>e.g.</u>, Doc. 55, Ex. 5 (Rule 1925(b) statement of matters complained of on appeal raising only two issues: "1. Whether the trial court erred in denying the Defendant's Motion to Withdraw Guilty Plea. 2.  Whether the Defendant's guilty plea was knowingly and voluntarily made.").  Hence, any appealable issues with respect to the suppression court's ruling are waived.  <u>Commonwealth v. Pettus</u>, 860 A.2d 162 (Pa. Super. 2004)(issues concerning suppression were waived where not raised in the Rule 1925(b) statement of matters complained of on appeal), <u>appeal</u> <u>denied</u>, 2005 WL 2127028 (Pa. Sept. 2, 2005). Therefore, under Pennsylvania law, the appeal to the Superior Court cannot have any effect on the suppression court's determination. Hence, even if Plaintiff were successful in having his conviction overturned on appeal, because he did not raise any issue concerning the suppression court's ruling, upon remand for a new trial Plaintiff could not re-litigate the issues he raised in his original motion to suppress.   <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. McEnany</u>, 732 A.2d 1263, 1267 (Pa. Super. 1999)(on remand to trial court for new trial afer appellate court reversed the conviction on grounds other than the issues raised in suppression motion prior to first trial, the criminal defendant is not entitled to re-litigate issues raised in the suppression motion filed prior to the first trial), *appeal granted*, 753 A.2d 816 (Pa. 2000), *appeal dismissed as improvidently granted*, 771 A.2d 1260 (2001); <u>Commonwealth v. Santiago</u>, 822 A.2d 716, 724 (Pa. Super. 2003)("a defendant is not permitted to relitigate the admissibility of evidence by filing a suppression motion when the same issue was raised and decided previously.").  Because Plaintiff's appeal can have no effect on the suppression ruling, <u>Bailey</u> does not control here. <u>See</u>, <u>e.g.</u>, <u>Coover v. Saucon Valley School Dist.</u>, 955 F. Supp. 392, 412 (E.D.Pa. 1997)("We do not believe that the statute of limitations is a concern here. An Appellate court's reversal of Judge Panella's findings in this case would not alter the viability of

(continued...)

CONCLUSION

        In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.  Failure to timely file objections
may constitute a waiver of any appellate rights.

                          Respectfully submitted,

                          /s/ Amy Reynolds Hay
                          AMY REYNOLDS HAY
                          United States Magistrate Judge


Dated:  9 November, 2005

cc:  The Honorable Joy Flowers Conti
     United States District Judge

     Kenneth Jackson
     FX-4662
     SCI Huntingdon
     1100 Pike Street
     Huntingdon, PA 16654-1112

     Bryan Campbell
     220 Grant Street
     6th Floor
     Pittsburgh, PA 15219

---

        [6](...continued)
Plaintiff's claims.").